TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP
Arizona State Bar No. 014249
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Kevin.Rapp@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br>Adam Weinstein,<br>Gerald Dixon,<br>　　　　　Defendants. | CR- 25-00541-PHX-DJH(DMF)<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RELEASE GRAND JURY TRANSCRIPTS [Doc. 32]** |

## SUMMARY OF ARGUMENT

Defendant's request to disclose Grand Jury transcripts because the Government failed to present exculpatory evidence and/or engaged in prosecutorial misconduct is unavailing for two independent reasons. First, there is no obligation to provide exculpatory evidence to a Grand jury in the first instance, therefore, it is not a basis for disclosure of the Grand Jury transcripts. Second, to obtain discovery of grand jury transcripts, based on prosecutorial misconduct, Defendant must show that the alleged instances of misconduct would compel dismissal of the Indictment. For an array of reasons, the Defendant is unable to articulate what exculpatory evidence was not presented to the Grand Jury. In addition, he does not demonstrate that the alleged misconduct would warrant a dismissal of the indictment. Although Defendant does not request oral argument this motion should be summarily denied without it.

**RELEVANT FACTS**

**A. Procedural Facts**

This case involves straightforward allegations of wire fraud and money laundering. On April 8, 2025, a Grand jury returned a twenty count indictment charging Defendant Adam Weinstein ("Weinstein) and Gerald Dixon ("Dixon") with one count of Conspiracy to Commit Wire in violation of Title 18 U.S.C. §1349, Count 2 wire fraud in violation of Title 18 U.S.C. 1343, Count 3 Conspiracy to Commit Transactional Money Laundering in violation of 18 U.S.C. §1956(h), and Counts 4-20 charging Transactional Money Laundering in violation of Title 18 U.S.C. § 1957(a). (Doc. 1).

The indictment details oral and written misrepresentations and omissions that caused the victim K.S. to wire $3.3 million from a bank account located in Minnesota to a bank account located in Tucson, Arizona controlled by the Defendants. (*Id*.) The money was then diverted for the purchase of the subject property (that it was agreed the Defendants already owned free and clear). In addition, the Defendants diverted $1.1 million for expenditures unrelated to the subject development. Weinstein, in particular, used the Gadsden Corporate American Express (AMEX) card on a $200,000 spending spree purchasing luxury items for him and his family (*e.g.* a purchase at Hermes, expensive Louis Vuitton and Tumi luggage, high end hotels in New York and the South of France, ski trips in Vail, CO and Taos, NM, etc.), he "donated" $10,000 to the Tucson Museum of Contemporary Art to benefit his wife (and the daughter of co-defendant Dixon), among other personal expenditures—again all sourced from the victim's funds and unrelated to the subject investment. (*Id.*)

The flow of K.S.'s funds is detailed in a summary chart that the United States intends to admit at trial through a noticed expert and was provided to Defendant's counsel pre-indictment. (*See* Exh. A; Doc. 11). Defendants Dixon and Weinstein were arraigned on April 23rd and 30th, respectively. Without making a written request for discovery, as is required by Rule 16(a)(1)(E), on May 8, 2025, Defendant Weinstein filed a motion

requesting this Court order release of the Grand Jury transcripts. (Doc. 32) Defendant Dixon has not joined this motion.

**B. Civil litigation**

Defendant devotes several pages of his motion to his version of two-parallel civil cases that involve the same parties, and one involves the same facts underlying the instant indictment. (Mot. 2-5) The muddled recitation of facts does not cite to any discovery (*e.g.*, depositions, interrogatories), findings of fact, an Arbitration Award, an Order appointing a receiver, etc. The facts seem to be the author's own skewed version of the facts.[1] In any case, Defendant argues that certain evidence in the civil litigation is exculpatory and should have been presented to the Grand Jury, and therefore, the transcripts should be unsealed and disclosed to the defense. He also would like the opportunity to assess what exculpatory evidence was not presented to determine whether the Government engaged in prosecutorial conduct.

  1. *AWS Opportunity Funds I, LLC (Victim K.S.) v. Block F Investors, LLC; and The Gadsden Company, LLC., (Defendants Weinstein and Dixon)*

This civil case (*AWS v. Block F*), filed in Maricopa Superior Court, involves the same allegations underlying the current indictment. Following discovery, the case was submitted to a private arbitrator agreed upon by the parties. (*See* Ex. B). After reviewing the evidence, the arbitrator made the following relevant findings, among others:

- "The evidence presented at the hearing fully supports, by clear and convincing evidence, that Gadsden, through Weinstein and Dixon, committed acts constituting bad faith, fraud, willful misconduct, and intentional misappropriation." (*Id.* at 7:24-27)

---

[1] It is worth noting that defense counsel acknowledged he was unaware of the contents of the motion he signed as he has now avowed that he didn't closely read it prior its filing. (Doc. 41) ("Regrettably, undersigned counsel missed the inclusion of this sentence during his final review of the Motion, and sincerely apologies for its appearance in the filing.")

- "AWS has proven by clear and convincing evidence that Gadsden, acting through Weinstein and Dixon, committed acts of fraud." (*Id*. at 8)
- "There are also numerous badges of fraud present here. *E.g., Carey v. Soucy,* 245 Ariz. 547, 553 (App. 2018). These include the failure to keep AWS informed (Article 9.5), the failure to provide AWS with access to books and records as required by Article 5.11 of the Operating Agreement, and the late prepared unsecured promissory notes with a non-commercial interest rate some of which were later falsely designated as partially paid, or paid in full (Exhibits 87, 127 and 128)." (*Id*. at 8:20-25)

Next, the plaintiff (victim KS) filed *AWS Opportunity Funds I, LLC, and IB New Ventures, LLC, el al. v. Block F Investors, LLC*, et. al. (Defendants Weinstein and Dixon), Case No. C20231924 in Pima County Superior Court requesting that a receiver be appointed. After an evidentiary hearing, that included Weinstein's testimony, Judge Cohen appointed a receiver to assume control of the Block F entity used to perpetuate the fraud. (*See* Ex. C) In his order appointing a receiver the Court made the following findings:

> "Gadsen [sic] utilized almost all of the nearly $1.1 million remainder on non-Block F matters (and some of these monies went to pay for Mr. Weinstein's personal matters). Gadsen "booked" these transfers as loans to itself. However, the promissory notes allow Gadsen[sic] gets to decide when –or if – Gadsen [sic] pays those monies back to Block F. In the meantime, Block F has no significant monies in its bank account."

(*Id.*)

    2. <u>IB New Ventures, LLC, v. Monier Investors LLC, et. al., CV2023-006177.</u>

As recent as 2023, a second civil case (*IB New Ventures v. Monier*) was filed and according to the Defendant it also serves as a basis for exculpatory evidence that should have been presented to the Grand Jury. Again, this case is a lawsuit filed by an entity controlled by the victim K.S. against Defendants Weinstein and Dixon, among others. (Ex. D) It alleges, among other things, that loans obtained by the Defendants for a separate unrelated investment with victim K.S were fraudulently converted to funds that appeared

to come directly from the defendants when in fact they were loans from third parties. [2]

### C. Defendant Has Not Established a Particularized Need for the Grand Jury Transcripts

The facts as detailed in Defendant's motion are difficult to follow, to put it mildly. First, Defendant argues that he is entitled to disclosure of grand jury transcripts because the Government failed to present potentially exculpatory evidence to the Grand Jury when seeking the indictment in the instant case. The exculpatory information emanates from two parallel civil lawsuits referenced above. Second, he argues that because the government failed to present certain evidence the government engaged in prosecutorial misconduct. Last, he argues that this Court should limit the disclosure to "to witnesses who the prosecution may call as potential witnesses at trial and the individuals who testified at depositions or will likely testify in the underlying civil cases." (Mot. at 7:24-26)

#### 1. Particularized Need

Defendant's request for disclosure of the Grand Jury transcripts should be denied for several reasons. First, a court may permit disclosure of grand jury materials under Rule 6(e)(3)(E)(i) [formerly 6(e)(3)(C)(i)] only when the requesting party has demonstrated a "particularized need." *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979). Under this standard, the movant must demonstrate that the material sought is:

> [N]eeded to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed . . . . [Moreover], in considering the effects of disclosure of grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Id*. at 222; *see also United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (emphasizing that the "trial judge should order disclosure of grand jury transcripts only

---

[2] The United States will likely seek to admit the facts supporting this lawsuit as a prior bad act pursuant to 404(b), among other theories of admissibility.

- 5 -

when the party seeking them has demonstrated that a 'particularized need exists which outweighs the policy of secrecy'" and holding that "the district court was correct in denying Walczak's motion to discover the grand jury transcripts" because "Walczak gave two reasons why he sought discovery of the transcripts" but "[n]either reason constitutes 'particularized need'").

Disclosures will not be allowed upon a mere showing of relevance, nor for general discovery. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("This 'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity. No such showing was made here. The relevancy and usefulness of the testimony sought were, of course, sufficiently established. . . . Yet these showings fall short."); *United States v. Evans & Associates Const. Co., Inc.*, 839 F.2d 656, 658 (10th Cir. 1988) ("The party seeking disclosure must demonstrate . . . there is a particular, not a general, need for the material. The rule is not to be used as a substitute for general discovery."); *Petrol Stops Northwest v. United States*, 571 F.2d 1127, 1129 (9th Cir. 1978), *rev'd on other grounds sub nom.*, *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211(1979). In most cases, considerations such as convenience, avoidance of delay, case complexity, the passage of time, and expense, also are insufficient reasons to justify disclosure. *See Smith v. United States*, 423 U.S. 1303, 1304 (1975) (holding, where movant sought disclosure of grand jury transcripts to preserve "investigatory . . . resources" and because transcripts would be "generally useful," that "it is doubtful whether either of these reasons . . . meets the 'compelling necessity' standard of Rule 6(e)").

In sum, Defendant has not met his burden of demonstrating the particularized, specific need for grand jury materials required by *Douglas Oil* and its progeny. Defendant relies upon speculative factual omissions or misstatements before the Grand Jury as a basis for the Court to order the disclosure of the transcripts. These theoretical and speculative

arguments do not establish the particularized need required for disclosure and for that reason alone Defendant's request should be denied.

**2.  Exculpatory Evidence and Prosecutorial Misconduct**

Next, Defendant speculates that the transcript will show that the prosecution failed to present exculpatory evidence and, as a result, engaged in prosecutorial misconduct. As noted above, the Arbitrator's conclusions (Ex. B) does not support any exculpatory evidence as he found that the Defendants engaged in fraud. (*Id.*) In addition, a second judge found similar evidence of fraud such that it was necessary to appoint a receiver over the entity (Block F) as the Defendants raided the victim's funds for personal expenses.

The second case (*Monier*) was filed by the victim KS, but no exculpatory evidence is apparent in that case. There it is alleged that the Defendants obtained funds from the victim and misrepresented that they were, like the instant indictment, contributing their own funds but didn't.

In any case, although there is no exculpatory evidence or evidence of undefined prosecutorial misconduct, courts frequently deny disclosure [of Grand Jury Transcripts] when defendants argue that a prosecutor failed to present exculpatory evidence. In short, the government has no duty to present exculpatory evidence to the grand jury. *United States v. McDavid*, No. CR S-06-35 MCE, 2007 WL 926664 (E.D. Cal. Mar. 26, 2007) (denying disclosure of grand jury transcripts where defendant argued that the government failed to present the existence of exculpatory evidence and if any other conduct would be the subject of a motion to dismiss). *See United States v. Minerd, 299 F. App'x 110, 111-12 (3d Cir.2008),* (upholding district court's decision denying the defendant's motion to disclose grand jury transcripts where the defendant's "vague allegation" that the government committed "fraud before the grand jury" did not constitute a particularized need for disclosure); *United States v. Bishop,* No. 11–38, 2012 U.S. Dist. LEXIS 67009, at *14–15 (M.D.Pa. May 14, 2012) (denying request for grand jury transcripts where the defendant "offer[ed] nothing more than a general assertion that the grand jury transcripts may contain exculpatory evidence"); *United States v. Tucker,* No. 05–440, 2011 U.S. Dist. LEXIS

46003, at *6, 2005 WL 6717114 (E.D.Pa. Apr. 27, 2011) (denying motion for disclosure of grand jury materials and stating that "[s]uggestions of impropriety and speculation about what the grand jury minutes may reveal are insufficient to establish a particularized need for disclosure")

Moreover, to obtain discovery of grand jury transcripts based on prosecutorial misconduct, Defendant must show that the alleged instances of misconduct would compel dismissal of the Indictment. Rule 6(e) authorizes the disclosure of a grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury [.]" Fed.R.Civ.P. 6(e)(3)(E)(ii); see *United States v. Murray*, 751 F.2d 1528, 1533–34 (9th Cir.1985) (holding that the "alleged instances of prosecutorial and grand jury misconduct ... [did] not amount to the particularized need required to outweigh the secrecy of the grand jury proceedings" because the "claimed misconduct would not have compelled the dismissal of the ... indictment").

The general rule in this circuit is that no independent inquiry will be made into the kind of evidence presented to a grand jury[.]" *United States v. Tham*, 665 F.2d *863 (9th Cir. 1981) (citing *Basurto*, 497 F.2d at 785); see *United States v. Vallez*, 653 F.2d 403 406 (9th Cir. 1991)( An indictment cannot be attacked on ground that the evidence before the grand jury was incompetent or inadequate.); *Bank of Nova Scotia*, 487 U.S. at 261. Because Defendant has failed to make such a demonstration, he is not entitled to the grand jury transcripts.

Indeed, a Defendant's apparent desire to have the grand jury transcripts as a discovery tool to help him prepare a motion to dismiss does not constitute a particularized need that outweighs the policy of secrecy. *See Proctor & Gamble, 356 U.S. at 681–83; Walczak, 783 F.2d at 857; United States v. Bennett,* 702 F.2d 833, 836 (9th Cir.1983) (holding that the district court properly denied the defendant's motion for disclosure of grand jury transcripts because "[t]he defendant's assertion that he ha[d] no way of knowing whether prosecutorial misconduct occurred [did] not constitute a particularized need outweighing the need for grand jury secrecy") *United States v. Johnston, et. al,* 2006 WL

276937 (CR–03–1167–PHX–DGC*). Dismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy." Guam v. Muna,* 999 F.2d 397, 399 (9th Cir.1993) *(quoting United States v. Rogers,* 751 F.2d 1074, 1076–77 (9th Cir.1985*))*. Defendant thus "carries a difficult burden" in challenging the indictment in this matter. *United States v. Al Mudarris,* 695 F.2d 1182, 1184(9th Cir. 1982*) ("*He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment.*"* He also must demonstrate that the misconduct prejudiced him. *See Bank of Nova Scotia,* 487 U.S. 250, 254 (1988)*("[*A] district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants."); *United States v. Venegas,* 800 F.2d 868, 869 (9th Cir.1986*) (*a defendant who challenges an indictment based on prosecutorial misconduct "bears a heavy burden" and must show that the misconduct was prejudicial).

But access to grand jury transcripts is generally not available to enable defendants to discover whether prosecutorial misconduct occurred. *United States v. Bennett,* 702 F.2d 833, 836 (9th Cir.1983) *(*holding that the district court properly denied the defendant's motion for disclosure of grand jury transcripts because "[t]he defendant's assertion that he ha[d] no way of knowing whether prosecutorial misconduct occurred [did] not constitute a particularized need outweighing the need for grand jury secrecy.").

Lastly, the single witness that testified before the grand jury is not expected to be a witness at trial and was not involved in any of the parallel civil cases. Accordingly, Defendant's argument that disclosure should be limited to "witnesses who the prosecution may call as potential witnesses at trial and the individuals who testified at depositions or will likely testify in the underlying civil cases" fails as well.

## Conclusion

Defendant's request to obtain grand jury transcripts should be rejected because Defendants have failed to articulate a particularized need. Accordingly, Defendant's Motion (Doc. 37) should be denied.

Respectfully submitted this 22nd the day of May, 2025.

>TIMOTHY COURCHAINE
>United States Attorney
>District of Arizona
>
>*s/ Kevin M. Rapp*
>KEVIN M. RAPP
>Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, I electronically transmitted the attached Notice of Expert Witness to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*s/D. Parke*
U.S. Attorney's Office