# Exhibit C

### AMENDED RULING –NUNC PRO TUNC – ON OCTOBER 3, 2023 APPLICATION FOR APPOINTMENT OF RECEIVER

Plaintiff's October 30, 2023 *Application* asks this Court to appoint a receiver over both Defendants Block F Investors, LLC ("Block F") and Gadsen Company, LLC ("Gadsen") to protect Plaintiff's interests. Block F's and Gadsen's November 21, 2023 *Response* does <u>not</u> assert that this Court lacked jurisdiction to decide the *Application* for any reason, let alone that such is subject to arbitration.  Nor did Block F's December 21, 2023 *Answer.* Nor does Block F's December 21, 2023 Answe3r, In fact, the November 21, 2023 *Response* concludes at 14:6-8 that "any disputes about the facts underlying AWS's application should be resolved through an evidentiary hearing. See Ariz.R.Civ.P. 66(a)(1)."

On February 1, 2024, this Court began a multi-day *Evidentiary Hearing* – just like Block F and Gadsen requested, above – on that *Application*. In the *Opening Statement*, Block F's and Gadsen's counsel did <u>not</u> assert that this Court lacked jurisdiction to decide the *Application* for any reason, let alone that such is subject to arbitration. In fact, said in the *Opening Statement* that this Court appointing a receiver was not "illegal" but, rather, "a jury's call" and such that "there is an adequate remedy at law." In Block F's and Gadsen's *Closing Argument* on *Evidentiary Hearing* day 3 it was hinted – for the first time – that the receiver issue should or had to be decided by an arbitrator. But, when this Court specifically asked "[a]re you arguing that I legally lack jurisdiction to decide the receivership application". Block F's and Gadsen's counsel responded "Not exactly." Said counsel subsequently agreed that this Court could appoint a receiver "to…the bank account and the property and only as to Block F." Under the above facts, Block F and Gadsen have waived any assertion that this Court lacks jurisdiction to appoint a receiver here on the basis that said issue is for an arbitrator. *See, e.g,, In Re Estate of Cortez*, 226 Ariz. 207, ¶6 (2010)(mandatory arbitration waived when not raised in *Answer* and after one "participated substantially in the litigation", and after demonstrating conduct wholly inconsistent with arbitration.") Arizona's Arbitration statute specifically contemplates the splitting of arbitrable issues from those that are not arbitrable. *See, e.g.,* A.R.S. §12-1502(D).

The facts material to that *Application* are not, ultimately, disputed. Those facts – and a host of others in this record – applied to the law and equity support this Court's decision to **GRANT** the above-described *Application* on terms set forth in a separate *Order* signed by this Court as to Block F (only). That *Application* is **DENIED** as to the remaining request for a receiver over Gadsen.

Plaintiff and Gadsen agreed to be equal members/partners in Block F. Gadsen, however, was the member manager. Plaintiff was the sole source of money into Block F. More specifically, Plaintiff contributed $3.375 million into Block F. This, so that an apartment complex called Menlo Park Towers could be constructed on qualified opportunity zone land. Plaintiff fulfilled his obligation by timely contributing $3.375 million as agreed into the Block F bank account. Gadsen withdrew those funds almost immediately after such were deposited into the Block F account. Gadsen utilized approximately $2.3 million to pay off the then existing lien on the QOZ parcel it was to, and subsequently did, contribute into Block F. The parties contest whether their agreement authorized such. Irrespective of

                                                                              Rhonda Munyon
                                                         Judicial Administrative Assistant

that dispute, significant monies were – quite obviously – necessary to advance and complete the Block F project. However, Gadsen utilized almost all of the nearly $1.1 million remainder on non-Block F matters (and some of these monies went to pay for Mr. Weinstein's personal matters). Gadsen "booked" these transfers as loans to itself. However, the promissory notes allow Gadsen gets to decide when –or if – Gadsen pays those monies back to Block F. In the meantime, Block F has no significant monies in its bank account. The Block F project, on which time is an issue in order to obtain QOZ benefits, is stagnant. Though Plaintiff made inquiries to Gadsen about an exit from this project, Gadsen never responded with a specific proposal for such. Plaintiff never clearly and unambiguously quit this project. Plaintiff did not materially fail to fulfill its obligations to Block F or its partner therein. There is no evidence that Gadsen has, or will anytime soon, re-infuse money into Block F so that this project can timely advance. Block F currently consists of at least the QOZ land at 115 S. Linda Avenue, documents evidencing a significant debt owed to it by Gadsen, and a bank account with funds therein but not enough to significantly advance the Block F project.

The oppositions' major objection here is to the appointment of a receiver over Gadsen. Plaintiff makes this request pursuant to A.R.S. §44-1007(4)(a)-(c). The concern is that such an appointment might trigger default provisions on Gadsen's plethora of loan obligations. The Court has found language in other loan documents in this record that supports Gadsen's assertion in this regard. This Court is not comfortable appointing a receiver to take over Gadsen's entire operation that amounts to well more than the alleged debt here. This Court has unsuccessfully spent an inordinate amount of time trying to figure out a way to properly limit the scope of a receiver's control over Gadsen to accommodate this concern. This Court, while empathetic to Plaintiff's plight, could not figure out a proper way to "skin that cat." The Court ultimately concluded with every option that it was ultimately like trying to fit a square peg into a round hole. Moreover, the Court finds the request for a receiver over Gadsen, given the scope and breadth of its operation compared to the at most damages in this case, to be too severe of a remedy at this time.

For all these reasons, **IT IS ORDERED** that Plaintiff's October 30, 2023 *Application* is **GRANTED** such that a receiver is appointed over Block F (only) on terms set forth in a separate *Order* signed by this Court. That *Application* is **DENIED** as to the remaining request for a receiver over Gadsen.

### *RULING* ON FEBRUARY 16, 2024 *JOINT EMERGENCY MOTION FOR CLARIFICATION*

Concerns were raised over language in this Court's February 13, 2024 *Order*. After multiple negotiating sessions, however, Plaintiff, the Receiver and Block F were able to agree on receivership order language (with Block F reserving its right to challenge this Court's decision to appoint a receiver). As such, this Court is signing that stipulated order, a copy of which was lodged on March 6, 2024. That Order entirely replaces the now null February 13, 2024 *Order*.

                                                                                   Rhonda Munyon
                                                         Judicial Administrative Assistant